# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE: )
) No. 21-11709
CALUMET PAINT & WALLPAPER, INC., ) Chapter 11
) Hon. Timothy A. Barnes
*Debtor/Debtor-in-Possession*. )
)

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 25th day of October, 2021 at 1:00 p.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge, or before any other Judge who may be sitting in his place and stead and shall present the **Motion For Authority To Use Cash Collateral And For Related Relief,** a copy of which is attached hereto and herewith served upon you.

**This motion** will be presented and heard electronically using Zoom for Government. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password. Meeting ID and password. The meeting ID for this hearing is 161 329 5276 and the password is 433658.

**To appear by telephone**, call Zoom for Government at (669) 254-5252 or (646) 828-7666. Then enter the meeting ID and password. Meeting ID and password. The meeting ID for this hearing is 161 329 5276 and the password is 433658.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.

                                                            /s/David K. Welch

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Brian P. Welch, Esq. (Atty. No. 6307292)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100, Chicago, Illinois 60611
Tel: (312) 840-7000 - - Fax: (312) 840-7900

18036\00001\4834-9566-5663.v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | No. 21-11709 |
| CALUMET PAINT & WALLPAPER, INC., ) | Chapter 11 |
| ) | Hon. Timothy A. Barnes |
| *Debtor/Debtor-in-Possession*. ) | |
| ) | |

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing **Notice of Motion** and attached **Motion For Authority To Use Cash Collateral and For Related Relief** to be served on all the parties listed on the attached service list via the Court's Electronic Filing System (ECF) and/or via U.S. Regular Mail on the 18th day of October 2021.

/s/David K. Welch

**DEBTORS' COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Brian P. Welch, Esq. (Atty. No. 6307292)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100, Chicago, Illinois 60611
Tel: (312) 840-7000 - - Fax: (312) 840-7900

18036\00001\4834-9566-5663.v1

## SERVICE LIST

**Via ECF/And US Mail**:
United States Trustee Office
219 S. Dearborn St., Room 873
Chicago, IL 60604

Robert P. Handler
Commercial Recovery Associates, LLC
205 West Wacker Drive, Suite 918
Chicago, IL 60606

**Via US Mail**:
Advance Equipment
4615 W Chicago Ave
Chicago IL 60651

American Bldg Restoration
9720 S 60th St
Franklin WI 53132

Arroworthy
248 W Wyandanch Ave
West Babylon NY 11704

Atlas
8351 W 185th Str
Tinley Park IL 60477

Benjamin Moore
400 Kimberley Dr
Carol Stream IL 60055

City of Blue Island
13051 Greenwood
Blue Island IL 60406

Comcast
1701 JFK Blvd
Philadelphia PA 19103

Commonwealth Edison Co
3 Lincoln Center
Attn: Bankruptcy Section
Oak Brook Terrace IL 60181

Corona Brushes
5065 Savarese Circle
Tampa FL 33634

Dennis Ludden
15418 Cherrywood Ct
Orland Park IL 60462

First Midwest Bank
12015 S Western Ave
Blue Island IL 60406

Illinois Dept of Revenue
PO Box 19035
Springfield IL 62794

JC Licht Paint Co
320 W Fullerton Ave
Carol Stream IL 60188

Lancaster Co
70906 Industrial Rd
Florence KY 41042

Leading Edge
1809 E Broadway St
Suite 127
Oviedo FL 32765

NICOR Northern Illinois Gas
Attention Bankruptcy & Collections
PO Box 549
Aurora IL 60507

P/L/ Sherwin Williams
101 W Prospect Ave
Cleveland OH 44115

PPG Paints
2570 Orchard Gateway Blvd
Aurora IL 60506

1

18036\00001\4834-9566-5663.v1

Pratt & Lambert Paint
610 Midland Bldg
101 W Prospect
Cleveland OH 44115

Rubicon
950 E Paces Ferry Rd
1900
Atlanta GA 30326

Rustoleum
8505 50th St
Kenosha WI 53144

Sharon Malysa
2353 Untaluti Dr
Monticello IN 47960

Super Painters Supply LLC
C/O Thomas Yardley
180 N LaSalle #3300
Chicago IL 60601

Super Painters Supply LLC
C/O Arthur H Evans
161 N Clark #4200
Chicago IL 60601

Super Painters Supply LLC
C/O David Rosenberg Mrg
4180 Walters
Northbrook IL 60062

Universal Securities
16335 S Harlem
Suite 250
Tinley Park IL 60477

WOW Phone
1800 Rt 34 North Bldg 4
Ste 402 Wall
Belmar NJ 07719

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | No. 21-11709 |
| CALUMET PAINT & WALLPAPER, INC., ) | Chapter 11 |
| ) | Hon. Timothy A. Barnes |
| *Debtor/Debtor-in-Possession*. ) | |
| ) | |

**MOTION FOR AUTHORITY TO USE CASH
COLLATERAL AND FOR RELATED RELIEF**

CALUMET PAINT & WALLPAPER, INC., Debtor/Debtor-in-Possession ("Debtor") herein, by and through its Attorneys, makes this Motion pursuant to Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court for Authority to Use Cash Collateral and For Related Relief; and in support thereof; states as follows:

**Introduction**

1. On October 13, 2021, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code thereby commencing this Chapter 11 case under Subchapter V (the "Petition Date").

2. The Debtor is operating its business and managing its financial affairs as Debtor in Possession. A Subchapter V Trustee has been appointed in this Chapter 11 case.

3. By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property by various secured creditors identified later in this Motion.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

5. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

6. The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court.

**Relevant Background**

7. The Debtor is an Illinois corporation operating from leased premises at 12120 Western Avenue, Blue Island, Illinois. The Debtor has been in business since 1957 and is currently an authorized Benjamin Moore retailer specializing in the sale of interior and exterior paints, stains and related supplies.

8. On or about May 17, 2021, an arbitration award in favor of Super Painters Supply, LLC ("SPS") and against the Debtor and its principal officer, Mark LaVelle, in the amount of approximately $689,000.00 (the "Arbitration Award") was issued by the arbitrator. The issuance of the Arbitration Award followed a hearing at which neither the Debtor nor Mr. LaVelle participated.

9. Thereafter, SPS filed a Petition for Confirmation of Arbitration Award in the Circuit Court of Cook County, Illinois. In response to this Petition, the Debtor and Mr. LaVelle filed a Motion to Vacate the Arbitration Award citing numerous grounds. SPS filed a Motion to Strike the Motion to Vacate. This Chapter 11 case was filed before any substantive rulings on the Motion to Vacate and the Motion to Strike.

10. As of the Petition Date, the Arbitration Award has not been confirmed. The Arbitration Award and resulting litigation costs were the triggering events for the filing of this Chapter 11 case.

11. The Debtor intends on filing a plan of reorganization that provides for repayment to all creditors with allowed claims over an acceptable period of time from revenue generated by the Debtor in the ordinary course of business.

**Use of Cash Collateral**

12. The cash collateral issues in this Chapter 11 case relate to the Debtor's accounts receivable, inventory and proceeds thereof.

13. Pratt & Lambert United, Inc. ("P&L") and PPG Architectural Finishes, Inc. ("PPG") are creditors asserting liens and security interests against the Debtor's assets to secure an underlying indebtedness due from the Debtor (collectively, the "Secured Creditors").

14. P&L is the successor to Sherwin Williams and has recorded liens and security interests dating back to 1993 on the Debtor's accounts and inventory sold by P&L to the Debtor. As of the Petition Date, P&L was owed approximately $6,377.00 by the Debtor.

15. PPG is more commonly known as Pittsburgh Paints and has recorded liens and security interests dating back to 1996 on inventory sold by PPG to the Debtor. As of the Petition Date, PPG was owed approximately $835.00 by the Debtor.

16. In order for the Debtor to continue to provide for the business, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

 A) Operating expenses;

 B) Insurance;

 C) Utilities;

 D) Rent;

 E) Payroll;

 F) Inventory Purchases; and

    G) Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibits A through C** are the Debtor's monthly cash flow projections for the months of October 2021, November 2021 and December 2021 (the "Budget").

  17. The Debtor projects that it generates more than sufficient cash flow to cover all operating expenses itemized in the Debtor's monthly cash flow projections.

  18. Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Debtor's business expenses, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby insure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

  19. The Debtor proposes, subject to the approval of this Court, to use cash collateral in which the Secured Creditors assert an interest. The Debtor's proposal will permit the Debtor to pay and sustain the business and reorganize its financial affairs through the implementation of a successful Plan of Reorganization. Furthermore, the Debtor's proposal will adequately protect the purported secured interests of the Secured Creditors.

  20. Unless the Debtor is authorized to use cash collateral in which the Secured Creditors assert an interest, the Debtor will be unable to continue to pay necessary operating expenses and manage its property, thereby eliminating any reasonable prospect for a successful reorganization. Without the use of cash collateral, the Debtor, its creditors and this estate will experience irreparable harms.

  21. The Debtor proposes to use cash collateral and provide adequate protection to the Secured Creditors upon the following terms and conditions:[1]

---

[1] Based upon the Debtor's proposal for the use of cash collateral, none of the disclosures required under Rule 4001-2 of the Local Rules of this Court is necessary.

    A) The Debtor will permit the Secured Creditors to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

    B) The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

    C) The Debtor shall, upon reasonable request, make available to the Secured Creditors evidence of that which purportedly constitutes its collateral or proceeds;

    D) The Debtor will properly maintain its assets in good repair and properly manage the business; and

    E) The Secured Creditors shall be granted valid, perfected, enforceable security interests in and to Debtor's post-petition assets, including all proceeds and products which are now or hereafter become property of this estate to the extent and priority of their alleged pre-petition liens, if valid, but only to the extent of any diminution in the value of such assets during the period from the commencement of the Debtors' Chapter 11 case through the next hearing on the use of cash collateral.

22. Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth in Exhibit A through C to this Motion plus no more than 10% of the total proposed expense payments, unless otherwise agreed by the Secured Creditors or upon further Order of this Court. Furthermore, any expenses that are budgeted for payment in one month but are not paid in such month shall be carried over for payment in subsequent months.

**Conclusion**

23. The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

24. The Debtor believes that it is in the best interests of the Debtor, its creditors and this estate to authorize it to use that portion of its cash, all or a portion of which may constitute cash collateral, in that, without the limited use of such cash as herein requested, the Debtor will be

5

unable to pay its business expenses thereby resulting in immediate and irreparable harm and loss to the Debtor, creditors and this estate.

25. For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, CALUMET PAINT & WALLPAPER, INC., Debtor/Debtor-in-Possession, requests the entry of an Order as follows:

A) Authorizing the Debtor to use cash collateral in which the Secured Creditors assert liens, upon the terms and conditions set forth in this Motion, until further Order of this Court;

B) Preliminarily authorizing the Debtor to use cash collateral pending a final hearing on this Motion;

C) Setting a final hearing on this Motion, and

D) Granting such other relief as this Court deems just and appropriate.

Respectfully submitted,

CALUMET PAINT & WALLPAPER, INC.,
Debtors/Debtors-in-Possession

By: <u>David K. Welch</u>
   One of Its Attorneys

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Brian P. Welch, Esq. (Atty. No. 6307292)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100
Chicago, Illinois 60611
Tel: (312) 840-7000 - - Fax: (312) 840-7900